**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE PATTON; KENDRICK KNIGHTEN, | No. 18-56336 |
| Plaintiffs-Appellants, | D.C. No. 5:17-cv-00922-MWF-DTB |
| v. | |
| FOREST LABORATORIES, INC.; RIVERSIDE COUNTY REGIONAL MEDICAL CENTER; COUNTY OF RIVERSIDE; ALLERGAN SALES, LLC; ALLERGAN, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted January 23, 2020
Pasadena, California

Before: CLIFTON and LEE, Circuit Judges, and BLOCK,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiffs-Appellants appeal the district court's dismissal of their California state common law and statutory claims against the manufacturers of Lexapro, an antidepressant drug. We affirm.

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when "the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review a dismissal pursuant to Rule 12(b)(6) de novo. *See, e.g.*, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011).

First, the plaintiffs brought two counts of negligence. In both counts, they allege that the defendants were negligent in marketing Lexapro to medical providers, government agencies, and the public by failing to provide information about the suicidality risks the drug poses when prescribed to adolescents. In California, such negligence claims require the plaintiff to prove that a manufacturer "did not warn of a particular risk for reasons that fell below the acceptable standard of care." *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1106–07, 920 P.2d 1347

(1996).  Here, as mandated by federal law, the drug's packaging contained clear warning labels about a heightened risk of suicidality for adolescents.  Thus, the defendants did warn of the particular risk at issue, and the district court correctly held that plaintiffs have not stated a claim for negligence.

The plaintiffs also alleged that the defendants engaged in fraudulent business practices under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, by disseminating false advertisements in newspapers and other publications, as well as by making false public statements.  Because the claim is one of fraud, it is subject to Rule 9(b)'s requirement that the plaintiff "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  *See also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (stating that parties must plead the "who, what, when, where, and how" of the fraud).  The Second Amended Complaint does not identify the misleading content of the advertisements or public statements, allege when such statements were made or in what publications, or offer reasons why the statements were fraudulent.  The district court correctly held plaintiffs' UCL allegations are pled with inadequate specificity.

Lastly, the plaintiffs argue that the district court abused its discretion in denying leave to amend the complaint.  Although the Federal Rules of Civil

Procedure provide that courts should "freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a), courts may deny such leave when a party evidences "repeated failure to cure deficiencies by amendments previously allowed" and when further attempts to amend would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). Here, the district court permitted plaintiffs to amend their complaint twice and, in noting that the allegations in the Second Amended Complaint were substantially similar to those the court had dismissed in the prior complaint, concluded that further amendment would be futile. The district court did not abuse its discretion in so ruling.

**AFFIRMED.**